Ignacio REYNOSO, Plaintiff–
Appellant,

v.

Donald SELSKY, Deputy Commissioner of D.O.C.S., Lieutenant Donahue, C.O. Held, Southport Correctional Facility, Defendants–Appellee.

John M. Crowley, Commissioner's Hearing Officer at Elmira Correctional Facility, W. Wilcox, Captain and Review Officer of Tier II Appeals/Chair Person for the Time Allowance Committee, G. Evans, Corrections Officer at Southport Correctional Facility, Israel Gonzales, Parole Hearing Officer at Attica Rochester Regional Office of NYS Division of Parole, Mary Ellen Jones, Parole Hearing Officer at Attica Regional Office of NYS Division of Parole, W. Williams Smith Jr., Parole Hearing Officer at Attica Correctional Facility, Marietta Gailor, Parole Hearing Officer at Southport Correctional Facility, Joseph Gawlosky, Parole Hearing Officer at Southport Correctional Facility, Roslyn W. Block, Parole Hearing Officer at Southport Correctional Facility, Also known as Li Qin Chen, NYS Department of Correctional Services, As an Entity Created by and Under the Laws of the State of New York, Time Allowance Committee, Captain W. Wilcox, Chairperson, # 1 John Doe, Hearing Officer of Time Allowance Committee at Southport Correctional Facility, # 2 John Doe, Hearing Officer of Time Allowance Committee at Southport Correctional Facility, NYS Division of Parole, As an Entity Cre-

ated by and Under the Laws of the State of New York, Brion Travis Chairperson of NYS Division, Defendants.

No. 07–2204–pr.

United States Court of Appeals, Second Circuit.

Sept. 10, 2008.

Ignacio Reynoso, Pro se, for Plaintiff–Appellant.

Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, Martin A. Hotvet, Assistant Solicitor General, for Andrew M. Cuomo, Attorney General of the State of New York, Albany, N.Y., for Defendants–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

In May 2002, Plaintiff–Appellant Ignacio Reynoso filed a complaint against the New York Department of Correctional Services ("DOCS"), the New York State Division of

Parole, and a series of individual defendants who were employed at these agencies as correctional officers, as parole hearing officers, or in other positions. The Appellant alleges that his constitutional rights were violated while he was incarcerated at Elmira and Southport Correctional Facilities. In July 2002, the district court dismissed several claims pursuant to 28 U.S.C. §§ 1915 and 1915A, and determined that the only issue remaining before the court was whether Reynoso's due process rights were violated during the February and March 2001 disciplinary hearings at Southport Correctional Facility. The remaining defendants (collectively "Appellees") filed a motion for summary judgment and Reynoso filed a cross-motion for summary judgment. The district court subsequently granted the Appellees' motion and denied Reynoso's. Reynoso now appeals *pro se*, arguing, *inter alia*, that none of his claims should have been dismissed and that material facts are in dispute as to whether his due process rights were violated during the February and March 2001 hearings. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

This Court reviews the district court's grant of summary judgment and the district court's *sua sponte* dismissal of claims pursuant to § 1915A *de novo*. *Howley v. Town of Stratford*, 217 F.3d 141, 151 (2d Cir.2000); *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir.2004). Summary judgment is warranted when, after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *June v. Town*

*of Westfield*, 370 F.3d 255, 257 (2d Cir. 2004). We have considered all of Appellant's claims *de novo* and, for substantially the reasons stated by the district court, *Reynoso v. Selsky*, No. 02–cv–6318 (CJS), 2007 WL 1237684, 2007 U.S. Dist. LEXIS 35208 (W.D.N.Y. Apr. 27, 2007), find them to be without merit with one exception.

■ As the Appellees admirably concede, there is a genuine issue of material fact that precludes summary judgment on the Appellant's due process claim against Corrections Officer Held, arising out of the March 2001 disciplinary proceeding. Appellee's Br. at 1, 12 n. 6. The district court held that Reynoso did not establish that a liberty interest had been violated as a result of the March 23, 2001 hearing because the sentence—thirty days in "keeplock"—was not an "atypical and significant hardship" compared to the burdens of ordinary prison confinement. *Reynoso*, 2007 WL 1237684, at *6, 2007 U.S. Dist. LEXIS 35208, at *16–17; *see also Sealey v. Giltner*, 197 F.3d 578, 583 (2d Cir.1999) (citing *Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). In finding that this punishment was not "atypical and significant," however, the district court failed to consider that this penalty would immediately follow the four-month Special Housing Unit sentence imposed as a result of the February 2001 hearing.

Overlapping disciplinary penalties may, under some circumstances, have to be aggregated for purposes of determining whether a liberty interest was violated. *Sims v. Artuz*, 230 F.3d 14, 23–24 (2d Cir.2000) (citing *Giltner*, 197 F.3d at 587 n. 7). We have previously held that 305 days of confinement under normal segregated housing unit conditions met the *Sandin* standard for atypicality, *Colon v. Howard*, 215 F.3d 227, 231–32 (2d Cir.2000), and

that a 101–day aggregated confinement in a highly-restrictive segregated housing of a New York correctional facility, without more, was not an atypical confinement, *Giltner,* 197 F.3d at 589–90. Aggregative sentences within this range—between 101 and 305 days—as here, require a district court to articulate specific findings of the conditions of the imposed confinement relative to ordinary prison conditions before determining whether such confinement is atypical. *See Palmer v. Richards,* 364 F.3d 60, 64–65 (2d Cir.2004). Accordingly, the district court was required to consider whether the sentences should have been aggregated for this due process inquiry, and if so, to articulate findings as to why the 150–day total sentence was not "atypical and significant." Such a determination is anything but simple, and cannot be resolved summarily.

█ Moreover, the Appellees concede that there are contradictory accounts as to whether Reynoso waived his right to be present at his March 2001 disciplinary hearing. When Reynoso did not appear at the hearing, Lieutenant Donahue, the hearing officer, asked Corrections Officer Held if he had gone to Reynoso's cell to escort him to the hearing. Held advised Donahue that he had gone to Reynoso's cell and that Reynoso refused to attend the hearing. That much is undisputed. Consequently, we agree with the district court that summary judgment is appropriate as to the hearing officer, Donahue. As to Held, however, there is a material dispute as to whether he actually went to Reynoso's cell to inform him of the hearing and as to whether he in fact signed the form waiving his right to be present at the hearing as Held told Donahue. The contradictory accounts here preclude, as the Appellees graciously concede, summary judgment with respect to Held. Appellee's Br. at 12 n. 7.

Accordingly, after considering all of the Appellant's arguments, we AFFIRM the district court's decision as to all but one of the Appellant's claims. We VACATE and REMAND for further consideration consistent with this order Reynoso's claim against Corrections Officer Held that Reynoso's due process rights were violated during the March 2001 hearing.